## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MATTHEW NOBLE**
210 N State St
Poplar Grove, IL 61065

**MATTHEW SMITH**
17 Odie Lane
Elkins, WV 26241

**JONIE SMITH**
17 Odie Lane
Elkins, WV 26241

**ALLEN KELLY**
1802 Clingerman Rd
Clearville, PA 15535

**BONNIE KELLY**
1802 Clingerman Rd
Clearville, PA 15535

**ROBERT BUDZIK**
7540 Azalea Cove Cir
Azalea Park, FL 32807

**ARTUR CZAJKOWSKI**
3442 Harpers Ferry Dr
Stockton, CA 95219

**RYAN NELSON**
33187 Gypsum Dr
Menifee, CA 92584

**LELAND SCHMITT, JR.**
N8263 County Rd P
Spring Valley, WI 54767

**LISA SCHMITT**
N8263 County Rd P
Spring Valley, WI 54767

**ALVIN ZOOK**
209 E Roseville Rd
Lancaster, PA 17601

Civil Action No.: 1:22-cv-1206

**JURY TRIAL DEMANDED**

**TRAVIS BEVELHEIMER**
109 N East Ave
Oberlin, KS 67749

**DANIEL McELWAIN**
338 Marsteller Rd
New Park, PA 17352

**EDDY JONES**
20714 EW 27th Rd
Chelsea, OK 91851

**MAREK KOSAREWICZ**
137 Richmond Dr
Bolingbrook, IL 60440

**PATRICIA GLATTER**
2630 Retread Rd
Pahrump, NV 89048

   *Plaintiffs*,

v.

**DISTRICT OF COLUMBIA**
c/o Office of the Attorney General
400 6th Street NW
Washington, D.C. 20001

   *Defendant.*

---

## VERIFIED COMPLAINT

Plaintiffs Matthew Noble, Matthew Smith, Jonie Smith, Allen Kelly, Bonnie Kelly, Robert Budzik, Artur Czajkowski, Ryan Nelson, Leland Schmitt, Jr., Lisa Schmitt, Travis Bevelheimer, Daniel McElwain, Eddy Jones, Marek Kosarewicz, and Patricia Glatter (collectively, "Plaintiffs") file this Verified Complaint for injunctive and declaratory relief against the District of Columbia (the "District") on the grounds set forth as follows:

## INTRODUCTION

"Above all else, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Police Dept. of City of Chicago v. Mosley*, 408 U.S. 92, 95 (1972). Justice Thurgood Marshall penned these words a half century ago as the Supreme Court unanimously reaffirmed that the government may not restrict speech simply because viewpoints differ. The law is no different today.

Plaintiffs are hardworking Americans who value the United States military and the principles upon which our nation was founded. To express their beliefs, Plaintiffs joined together and embarked on a journey to the District of Columbia with the intent to lawfully exercise their First Amendment rights in protest of the current administration's continued state of emergency declaration and COVID-19 related policies. Plaintiffs also wanted to honor the thirteen service members who lost their lives in Afghanistan on August 26, 2021. With both objectives in mind, Plaintiffs gathered in Hagerstown, Maryland and traveled together in "13 trucks for 13 fallen soldiers" to Washington, D.C. only to discover the District of Columbia's Metropolitan Police Department ("MPD") had formed blockades at the points of entry into the District.

The blockades were not the result of construction, auto accidents, or even scheduled road closures. MPD formed the blockades for the sole purpose of preventing American citizens from entering our nation's capital to exercise their constitutionally protected right to free speech. Of course, such action under color of state law violates Plaintiffs' First Amendment rights.

But even worse, MPD's actions directly and proximately killed two people as their motor vehicle crashed into the blockades. The two victims were trapped inside their vehicle and spent their last moments on fire, burning to death. Indeed, their deaths were entirely avoidable and tragically, foreseeable. The DC Police union spoke out against the blockades, both citing the

dangers to the community and the absence of any threat justifying MPD's presence. In short, MPD's presence was solely, proximately, and exclusively due to Plaintiffs' "potential for First Amendment activity in the District of Columbia."[1] Because Plaintiffs have fundamental rights to interstate travel, due process, equal protection, and free speech, this action follows pursuant to the First, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## JURISDICTION & VENUE

1.      This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4) because Plaintiffs claims arise under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

2.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because those state claims are so related to the federal constitutional and statutory claims in this action such that they do not raise novel or complex issues of state law and do not substantially predominate over the federal claims. There are, further, no exceptional circumstances compelling declining state law claims.

3.      Venue is appropriately vested in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to the claims herein occurred in the District of Columbia.

## PARTIES

4.      Plaintiff Matthew Noble is an adult resident of Illinois.

5.      Plaintiff Matthew Smith is an adult resident of West Virginia.

6.      Plaintiff Jonie Smith is an adult resident of West Virginia.

---

[1] Stephanie Ramirez, *DC police leadership makes changes after union raises serious safety concerns over MPD trucker response*, Fox5 DC, (Mar. 14, 2022) available at: https://www.fox5dc.com/news/dc-police-leadership-makes-changes-after-union-raises-serious-safety-concerns-over-mpd-trucker-response (last accessed May 2, 2022).

7.      Plaintiff Allen Kelly is an adult resident of Pennsylvania.

8.      Plaintiff Bonnie Kelly is an adult resident of Pennsylvania.

9.      Plaintiff Robert Budzik is an adult resident of Florida.

10.     Plaintiff Artur Czajkowski is an adult resident of California.

11.     Plaintiff Ryan Nelson is an adult resident of California.

12.     Plaintiff Leland Schmitt, Jr. is an adult resident of Wisconsin.

13.     Plaintiff Lisa Schmitt is an adult resident of Wisconsin.

14.     Plaintiff Alvin Zook is an adult resident of Pennsylvania.

15.     Plaintiff Travis Bevelheimer is an adult resident of Kansas.

16.     Plaintiff Daniel McElwain is an adult resident of Pennsylvania.

17.     Plaintiff Eddy Jones is an adult resident of Oklahoma.

18.     Plaintiff Marek Kosarewicz is an adult resident of Illinois.

19.     Plaintiff Patricia Glatter is an adult resident of Nevada.

20.     Defendant the District of Columbia is a District of Columbia municipal corporation located at 411 4th Street NW, Washington, D.C. 20001, and is the entity responsible for Washington, D.C.'s governmental operations, which includes *inter alia* supervising, directing, and/or controlling its Metropolitan Police Department ("MPD").

**STATEMENT OF FACTS**

21.     In an effort to show solidarity for the thirteen service members who lost their lives on August 26, 2021, in Kabul, Afghanistan and speak on the administration's continued state of emergency declaration and COVID-19 related policies, Plaintiffs banded together in Hagerstown, Maryland and traveled to Washington, D.C.

22.     Plaintiffs hoped that, by exercising their First Amendment freedoms, they would be able to raise awareness that the decisions of the incumbent administration can have – and do have – real, grave consequences.

23.     On or about March 14, 2022, Plaintiffs lawfully traveled in or operated "thirteen trucks for thirteen fallen soldiers" along I-395 towards the District of Columbia. As Plaintiffs neared the District, they encountered MPD police officers who had used marked, unmarked, and various public work vehicles to form blockades and deny Plaintiffs entry into our nation's capital.

24.     MPD's efforts succeeded, and Plaintiffs returned to Hagerstown, Maryland, for the evening.

25.     The next day, on or about March 15, 2022, Plaintiffs took a different route and traveled via I-295 towards the District in hopes that this time, the thirteen trucks would be able to enter Washington, D.C.

26.     Plaintiffs' March 15 efforts were unsuccessful. Upon arrival via I-295, Plaintiffs again encountered MPD blockades that prohibited their entry into the District. After refusing to let Plaintiffs into the District, officers stationed at the blockades directed Plaintiffs to disburse via MD-201. Plaintiffs complied with the MPD directive.

27.     On or about March 16, 2022, Plaintiffs attempted to enter the District, this time hoping to access the capital via I-695 but were again, confronted by a MPD blockade on the I-695 access ramp leading into the District.

28.     The I-695 MPD blockade immediately began causing heavy traffic to accumulate. In an attempt to alleviate the traffic and otherwise exercise their constitutionally protected rights, Plaintiffs again requested that MPD move their vehicles and allow Plaintiffs to continue onward

into the District. MPD officers refused Plaintiffs' request and informed them that "a supervisor [was] on the way to speak with them."

29.     MPD Capt. Jason Bagshaw and Sgt. Matthew Mahl arrived shortly thereafter.

30.     During their conversation with MPD, Plaintiffs asked Capt. Bagshaw and Sgt. Mahl why MPD refused to allow them to enter the District. Capt. Bagshaw and Sgt. Mahl both ignored Plaintiffs' request and Sgt. Mahl merely advised Plaintiffs "695 is closed." In threatening fashion, Sgt. Mahl further stated, "my boss is going to eventually tell me to start arresting people, and I don't want to do that."

31.     Reasonably interpreting Sgt. Mahl's statement as a threat of arrest, Plaintiffs departed the area and traveled towards the next exit leading into the District only to again, encountered MPD blocking all access. Plaintiffs returned to Hagerstown, Maryland after being unlawfully deprived of their fundamental rights for the third consecutive day.

32.     On or about March 18, 2022,[2] the thirteen trucks returned to the District for what would be their final attempt to lawfully exercise their First Amendment freedoms. Again, their efforts were unsuccessful as MPD denied their entry for a fourth time.

33.     At all times relevant, Plaintiffs have maintained the intent, and presently do maintain the intent, to return to the District of Columbia for lawful purposes and to exercise their First Amendment freedoms.

34.     At all times relevant, Plaintiffs satisfied all legal requirements to operate their motor vehicles and each respective motor vehicle satisfied all requirements to travel into in the District of Columbia.

---

[2] Plaintiffs remained in Hagerstown, Maryland on March 17, 2022, due to inclement weather.

35.     To date, Defendants, acting under color of state law, have denied and continue to deny Plaintiffs and the "thirteen trucks for thirteen fallen soldiers" access to the District of Columbia in violation of their fundamental and constitutionally protected rights.

## COUNT I
### (Violation of Due Process, U.S. Const. amends. V, XIV)

36.     Plaintiffs incorporate all preceding paragraphs by reference as if fully set forth herein.

37.     The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law[.]"

38.     At all times relevant, each Plaintiff had and continues to have a liberty interest in entering the District of Columbia for purposes of engaging in First Amendment protected activity.

39.     At all times relevant, each Plaintiff has qualified and continues to qualify for protection under the due process clause the Fourteenth Amendment.

40.     At all times relevant, MPD acted under color of state law and is deemed a state actor because it performed a public function.

41.     MPD failed to provide Plaintiffs with adequate notice, an opportunity to be heard, and substantial evidence to support their decision to prohibit Plaintiffs from entering the District of Columbia and refusal to allow Plaintiffs to exercise their First Amendment rights.

42.     Plaintiffs have a fundamental right to ingress and egress to and from neighboring states, including the District of Columbia. *See Saenz v. Roe*, 526 U.S. 489 (1999).

43.     The Due Process Clause of the Fifth Amendment, by and through the Fourteenth Amendment, prohibits the District from regulating interstate travel and speech in a manner that fails to define the prohibitions with sufficient definiteness that ordinary people can understand what conduct is prohibited.

44. The Due Process Clause of the Fifth Amendment also obligates the District to describe its prohibitions on interstate travel and speech in a manner that does not encourage arbitrary and discriminatory enforcement.

45. The District has violated—and is continuing to violate—both of these principles.

46. The District has burdened interstate travel and speech without any clear or precise standards subject to objective measurement or application, but instead are given meaning only through the exercise of unbridled discretion by those responsible for the enforcement of the District's blockade policy, custom, practice, or procedure as complained of herein.

47. The District's blockade policy, custom, practice, or procedure is unconstitutionally vague on its face because it allows the District unfettered discretion to refuse to grant Plaintiffs access to the District, thereby depriving Plaintiffs of their constitutional rights to travel and free speech.

48. The District's blockade policy, custom, practice, or procedure is also unconstitutionally vague on its face because the District does not publish orders of the Board and, thus, persons of ordinary intelligence have no means of discerning what traditional public forums in the District are closed to expressive activity, what traditional public forums in the District are open to expressive activity, and, if open, what expressive activity is prohibited and what expressive activity is allowed. Further, this lack of clarity encourages arbitrary and discriminatory enforcement.

49. The District's blockade policy, custom, practice, or procedure is also unconstitutionally overbroad on its face because the District has prohibited and continues to prohibit interstate travel and a substantial amount of protected First Amendment activity in a traditional public forum.

50.    The District's blockade policy, custom, practice, or procedure is not "narrowly tailored" to achieving a "compelling governmental interest."

51.    The "interest" of depriving Plaintiffs of their fundamental rights, including travel and free speech, is not compelling; in fact, depriving Plaintiffs of their fundamental rights is quintessentially antithetical as to what constitutes a compelling governmental interest.

52.    The District's blockade policy, custom, practice, or procedure does not seek to effectuate a substantial governmental interest.

53.    The "interest" of depriving Plaintiffs of their fundamental rights, including travel and free speech, is not substantial; in fact, depriving Plaintiffs of their fundamental rights is quintessentially antithetical as to what constitutes a substantial governmental interest.

54.    The District's blockade policy, custom, practice, or procedure does not seek to effectuate an important governmental interest.

55.    The "interest" of depriving Plaintiffs of their fundamental rights, including travel and free speech, is not important; in fact, depriving Plaintiffs of their fundamental rights is quintessentially antithetical as to what constitutes an important governmental interest.

56.    The District's blockade policy, custom, practice, or procedure is not narrowly tailored because by forming blockades, the District *increased* traffic.

57.    The District's blockade policy, custom, practice, or procedure is not narrowly tailored because it does not promote public health; the only deaths that resulted during all times relevant were directly and proximately caused by the blockades.

58.    The District has imposed an unlawful system of prior restraint in violation of Plaintiffs' fundamental rights clearly established under the United States Constitution.

59.     The District's blockade policy, custom, practice, or procedure is unconstitutional on its face.

60.     The District's blockade policy, custom, practice, or procedure is unconstitutional as applied against Plaintiffs.

61.     Plaintiffs have no adequate remedy at law, have suffered, and will suffer serious and irreparable harm to their constitutional and statutory rights unless the District is enjoined.

62.     Plaintiffs are entitled to declaratory relief and preliminary and permanent injunctive relief restraining the District from violating their constitutional and statutory rights.

63.     Plaintiffs are entitled to nominal, compensatory, and punitive damages.

64.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

## COUNT II
### (Equal Protection, U.S. Const. amends. V, XIV)

65.     Plaintiffs incorporate all preceding paragraphs by reference as if fully set forth herein.

66.     The District's refusal to grant Plaintiffs entry into the District and its refusal to grant Plaintiffs entry into the District in the future—while allowing others to enter the District to engage in First Amendment protected activity—constitutes a violation of Plaintiffs' right to equal protection as guaranteed by the Fifth and Fourteenth Amendments.

67.     Because interstate travel and speech are fundamental rights, the District must demonstrate that its restrictions on speech satisfy strict scrutiny.

68.     The District has impermissibly discriminated against Plaintiffs on the basis of speech-related activities in a traditional public forum and will continue to impermissibly

discriminate against Plaintiffs, and the District's actions were not narrowly tailored to serve compelling governmental interests.

69.     The District has further impermissibly discriminated against Plaintiffs, and will continue to discriminate against Plaintiffs, on the ground of speaker identity, and the District's actions were not and are not narrowly tailored to serve substantial governmental interests. The District has admitted that its "operational tactics" would remain in place only "as long as necessary" to prevent anyone assumed to be part of the People's Convoy from entering the District. Granting those who are not perceived as members of the People's Convoy access to the District constitutes impermissible discrimination on the basis of speaker identity.

70.     The District has further impermissibly discriminated against Plaintiffs, and will continue to discriminate against Plaintiffs, on the ground of speaker viewpoint, and the District's actions were not and are not narrowly tailored to serve substantial governmental interests. The District has failed to prohibit protestors from entering the District—despite multiple, weeks-long records of causing violence and disruption in the District—who share the same viewpoints as District officials, including Mayor Muriel Bowser, among others. Granting entry to the District for those who share the same viewpoint as District officials while denying those who share viewpoints contrary to the viewpoints of District officials constitutes impermissible discrimination on the basis of speaker viewpoint.

71.     The District has imposed an unlawful system of prior restraint in violation of Plaintiffs' fundamental rights clearly established under the United States Constitution.

72.     The District's blockade policy, custom, practice, or procedure is unconstitutional on its face.

73.     The District's blockade policy, custom, practice, or procedure is unconstitutional as applied against Plaintiffs.

74.     Plaintiffs have no adequate remedy at law, have suffered, and will suffer serious and irreparable harm to their constitutional and statutory rights unless the District is enjoined.

75.     Plaintiffs are entitled to declaratory relief and preliminary and permanent injunctive relief restraining the District from violating their constitutional and statutory rights.

76.     Plaintiffs are entitled to nominal, compensatory, and punitive damages.

77.     Plaintiffs found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

## COUNT III
### (Violation of Free Speech, U.S. Const. amend. I)

78.     Plaintiffs incorporate all preceding paragraphs by reference as if fully set forth herein.

79.     The First Amendment of the Constitution prohibits governmental action "abridging the freedom of speech." The Free Speech Clause applies "with equal vigor" to the District of Columbia. *Espresso, Inc. v. District of Columbia*, 884 F. Supp. 7, 9 (D.D.C. 1995).

80.     Under the Free Speech Clause, the District "has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Reed v. Town of Gilbert, Ariz*., 576 U.S. 155, 163 (2015).

81.     Plaintiffs' protests are quintessential protected expression. *See, e.g., Good News Club v. Milford Central School*, 533 U.S. 98 (2001) (recognizing that forum restriction on an organization that promoted religious values was a restriction on the freedom of speech).

82.     Public streets and roadways promoting ingress and egress into and from the District of Columbia are traditional public forums.

83.     The District's selective enforcement of its blockade policy, custom, practice, or procedure against entry into the District has created a *de facto* exemption for mass protests.

84.     The existence of a *de facto* exemption is further evidenced by Mayor Bowser's encouragement of (and participation in) protests that promote the viewpoints she shares while discouraging others, such as Plaintiffs, from engaging in lawful and peaceful protests (unlike the comparator protests) advocating for viewpoints she does not share.

85.     An exemption even from a permissible regulation of speech diminishes the credibility of the District's rationale for restricting speech in the first place. *See City of Ladue v. Gilleo*, 512 U.S. 43, 51-53 (1994). When a policy, custom, practice, or procedure is selectively enforced or subject to exceptions, it suggests that content discrimination is afoot. *Id*. at 52.

86.     A content-based exemption from a ban is no less a content-based distinction because it is phrased as exempting certain speech from a ban; not as imposing a restriction only on the burdened class of speech. *See City of Ladue*, 512 U.S. at 48-53; *City of Cincinnati v. Discovery Network, Inc*., 507 U.S. 410, 429 (1993).

87.     Content-based restrictions "are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." *Reed*, 576 U.S. at 163.

88.     Creating an exception for mass protests and not other types of First Amendment activities is constitutionally forbidden content-based discrimination and thus violates Plaintiffs' free speech rights. *See Members of City Council of City of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 816 (1984).

89.     The District's blockade policy, custom, practice, or procedure is not "narrowly tailored" to achieving a "compelling governmental interest."

90.     The "interest" of depriving Plaintiffs of their fundamental rights, including travel and free speech, is not compelling; in fact, depriving Plaintiffs of their fundamental rights is quintessentially antithetical as to what constitutes a compelling governmental interest.

91.     The District's blockade policy, custom, practice, or procedure does not seek to effectuate a substantial governmental interest.

92.     The "interest" of depriving Plaintiffs of their fundamental rights, including travel and free speech, is not substantial; in fact, depriving Plaintiffs of their fundamental rights is quintessentially antithetical as to what constitutes a substantial governmental interest.

93.     The District's blockade policy, custom, practice, or procedure does not seek to effectuate an important governmental interest.

94.     The "interest" of depriving Plaintiffs of their fundamental rights, including travel and free speech, is not important; in fact, depriving Plaintiffs of their fundamental rights is quintessentially antithetical as to what constitutes an important governmental interest.

95.     The District's blockade policy, custom, practice, or procedure is not narrowly tailored because by forming blockades, the District *increased* traffic.

96.     The District's blockade policy, custom, practice, or procedure is not narrowly tailored because it does not promote public health; the only deaths that resulted during all times relevant were directly and proximately caused by the blockades.

97.     The District has imposed an unlawful system of prior restraint in violation of Plaintiffs' fundamental rights clearly established under the United States Constitution.

98.    The District's blockade policy, custom, practice, or procedure is unconstitutional on its face.

99.    The District's blockade policy, custom, practice, or procedure is unconstitutional as applied against Plaintiffs.

100.    Plaintiffs have no adequate remedy at law, have suffered, and will suffer serious and irreparable harm to their constitutional and statutory rights unless the District is enjoined.

101.    Plaintiffs are entitled to declaratory relief and preliminary and permanent injunctive relief restraining the District from violating their constitutional and statutory rights.

102.    Plaintiffs are entitled to nominal, compensatory, and punitive damages.

103.    Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

**COUNT V**
**(Violation of 42 U.S.C. § 1983)**

104.    Plaintiffs incorporate all preceding paragraphs by reference as if fully set forth herein.

105.    Defendants, acting under color of District of Columbia law, have deprived and continue to deprive Plaintiffs of their First Amendment rights guaranteed by the U.S. Constitution in violation of 42 U.S.C. § 1983 by, *inter alia*:

    a.    Refusing Plaintiffs to exercise their fundamental right to interstate travel;

    b.    Depriving Plaintiffs of lawful entry to the District of Columbia;

    c.    Depriving Plaintiffs of their fundamental right to engage in free speech;

    d.    Depriving Plaintiffs of their fundamental rights to enter the District of Columbia and engage in free speech for reasons that are not substantially related to an important government interest;

    e.   Failing to provide a reasonable basis for denying Plaintiffs entry to the District of Columbia;

    f.   Failing to provide a reasonable basis for depriving Plaintiffs of their fundamental right to engage in free speech;

    g.   Favoring the viewpoints of other activists and political organizations over the viewpoint Plaintiffs share; and

    h.   Expending District funds and resources to deprive Plaintiffs of their fundamental rights to enter the District of Columbia and engage in free speech.

106.    The District has imposed an unlawful system of prior restraint in violation of Plaintiffs' fundamental rights clearly established under the United States Constitution.

107.    The District's blockade policy, custom, practice, or procedure is unconstitutional on its face.

108.    The District's blockade policy, custom, practice, or procedure is unconstitutional as applied against Plaintiffs.

109.    Plaintiffs have suffered and continue to suffer irreparable harm as a direct and proximate result of Defendants' deprivation of their fundamental rights in violation of 42 U.S.C. § 1983 and will continue to suffer such irreparable harm unless the District's unlawful conduct is enjoined.

110.    Plaintiffs are entitled to declaratory relief and preliminary and permanent injunctive relief restraining the District from violating their constitutional and statutory rights.

111.    Plaintiffs are entitled to nominal, compensatory, and punitive damages.

112.    Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court grant the following judgment in Plaintiffs' favor and the following relief:

A.      Declaratory relief in the form of an order and declaratory judgment holding and declaring that the District's blockade policy, custom, practice, or procedure is unconstitutional on its face under the First, Fifth, and Fourteenth Amendments to the United States Constitution and federal law;

B.      Declaratory relief in the form of an order and declaratory judgment holding and declaring that the District, by enforcing its blockade policy, custom, practice, or procedure violated Plaintiffs' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution and federal law;

C.      Preliminary and permanent injunctive relief requiring the District, its agents including MPD, its employees, and all persons acting in concert with the District to grant Plaintiffs entry to the District of Columbia now and in the future for the purpose of lawfully engaging in their First Amendment right to free speech and to not interfere with such constitutionally protected activity;

D.      Preliminary and permanent injunctive relief preventing the District, its agents including MPD, its employees, and all persons acting in concert with the District to be restrained and enjoined from interfering in any manner with Plaintiffs' fundamental constitutional and statutory rights of free speech, assembly, and association, religion, due process of law, and equal protection;

E.      That the Court issue the requested injunctive relief without a condition of bond or surety, or other security being required of Plaintiffs;

F.     An award of monetary relief in the form of nominal, compensatory, and punitive damages;

G.     An award of Plaintiffs' reasonable costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988;

H.     That the Court retain jurisdiction of this matter for the purposes of enforcing the Court order(s); and

I.     Grant Plaintiffs' any further relief this Honorable Court deems necessary, just, and proper.


Dated: May 2, 2022

                          Respectfully submitted,

                          /S/ MICHAEL A. YODER
                          Michael A. Yoder
                          THE LAW OFFICE OF MICHAEL A. YODER, PLLC
                          2300 Wilson Blvd., Suite 700
                          Arlington, VA 22201
                          Tel: (571) 234-5594
                          Fax: (571) 327-5554
                          michael@yoderesq.com

                          *Counsel for Plaintiffs*

## VERIFICATION

I, MATTHEW NOBLE, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ MATTHEW NOBLE
MATTHEW NOBLE
(Original Signature retained by Counsel)

## <u>VERIFICATION</u>

I, MATTHEW SMITH, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ MATTHEW SMITH
MATTHEW SMITH
(Original Signature retained by Counsel)

## **<u>VERIFICATION</u>**

I, JONIE SMITH, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ JONIE SMITH
JONIE SMITH
(Original Signature retained by Counsel)

## <u>VERIFICATION</u>

I, ALLEN KELLY, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ ALLEN KELLY

ALLEN KELLY

(Original Signature retained by Counsel)

## <u>VERIFICATION</u>

I, BONNIE KELLY, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ BONNIE KELLY
BONNIE KELLY
(Original Signature retained by Counsel)

## <u>VERIFICATION</u>

I, ROBERT BUDZIK, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ ROBERT BUDZIK\
ROBERT BUDZIK\
(Original Signature retained by Counsel)

## <u>VERIFICATION</u>

I, ARTUR CZAJKOWSKI, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ ARTUR CZAJKOWSKI
ARTUR CZAJKOWSKI
(Original Signature retained by Counsel)

## <u>VERIFICATION</u>

I, RYAN NELSON, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ RYAN NELSON
RYAN NELSON
(Original Signature retained by Counsel)

## <u>VERIFICATION</u>

I, LELAND SCHMITT, JR., am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ LELAND SCHMITT, JR.
LELAND SCHMITT, JR.
(Original Signature retained by Counsel)

## <u>VERIFICATION</u>

I, LISA SCHMITT, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ LISA SCHMITT
LISA SCHMITT
(Original Signature retained by Counsel)

## <u>VERIFICATION</u>

I, ALVIN ZOOK, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ ALVIN ZOOK_____
ALVIN ZOOK
(Original Signature retained by Counsel)

## <u>VERIFICATION</u>

I, TRAVIS BEVELHEIMER, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ TRAVIS BEVELHEIMER
TRAVIS BEVELHEIMER
(Original Signature retained by Counsel)

## **<u>VERIFICATION</u>**

I, DANIEL McELWAIN, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ DANIEL McELWAIN
DANEIL McELWAIN
(Original Signature retained by Counsel)

## <u>VERIFICATION</u>

I, EDDY JONES, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ EDDY JONES_____
EDDY JONES
(Original Signature retained by Counsel)

## VERIFICATION

I, MAREK KOSAREWICZ, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ MAREK KOSAREWICZ
MAREK KOSAREWICZ
(Original Signature retained by Counsel)

## <u>VERIFICATION</u>

I, PATRICIA GLATTER, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: May 1, 2022

/s/ PATRICIA GLATTER
PATRICIA GLATTER
(Original Signature retained by Counsel)
